IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF NEW YORK
_____

In re the Petition of

PVS International,
United Agencies,
Maghanmal Jethanand
 (General Trading Company)

For Discovery In Aid of a Foreign Proceeding
 Pursuant to 28 U.S.C. § 1782
_____

Civil Action No.

**PETITION FOR AN ORDER ALLOWING
DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

Petitioners PVS International, United Agencies and Maghanmal Jethanand (General Trading Company)(collectively "Petitioners") hereby submit this Petition for an Order, pursuant to 28 U.S.C. § 1782 and Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, to obtain discovery on People's Insurance Company of China ("PICC") and HSBC Bank USA, N.A. ("HSBC"), for use in a pending foreign proceeding, namely, in their suit before the Singapore High Court against Lixon Maritime, their Statement of Claim in the High Court, Exhibit A hereto.  In support of this Petition Petitioners incorporate the accompanying Memorandum of Law and Declaration of J. Stephen Simms, and state further as follows.

1.      28 U.S.C. § 1782 provides for discovery in the United States to assist foreign tribunals and parties to proceedings before foreign tribunals. 28 U.S.C. § 1782 states, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

2.  The requirements of 28 U.S.C. § 1782 are satisfied in this case. As explained further in the accompanying Memorandum of Law: (1) the discovery subjects "reside" or are "found" in this District; (2) the discovery sought is "for use in" a proceeding before a foreign tribunal; and (3) the Applicant is an "interested person" in that proceeding. 28 U.S.C. § 1782. The discretionary factors that a Court may consider when evaluating a Section 1782 request also weigh in favor of granting this application. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

3.  The Declaration of J. Stephen Simms confirms that the requested relief is for the purpose of obtaining discovery in aid of a related foreign proceeding pending in the High Court of the Republic of Singapore (ADM. No. 67 of 2014), *PVS International, et al. v. Lixon Maritime Pte Ltd, et al.* (the "Singapore Action").

4.  The Singapore Action concerns a vessel, FU SHENG HAI (the "Vessel"), which was transporting wood and steel products cargo, which sailed from Lianyungag on June 29, 2013 for Busan, Korea. On or about July 2, 2013, while approaching the port of Busan the Vessel ran aground off Shaeng Island, subsequently sank, and the cargo was damaged. Petitioner understand that PICC insured the hull of the Vessel and likely paid Lixon, Vessel Owner, for the Vessel value, after investigation of the loss. Petitioners, the cargo owners of commenced the Singapore Action to recover their expenses against the owners of the Vessel, Lixon Maritime Pte Ltd ("Lixon") (formerly known as Lixon Maritime Services Pte Ltd). Petitioners now seek substantive information regarding the loss of the ship and the cargo, which they expect to find in the possession of the hull insurer of the Vessel, PICC.

6.  The accompanying Declaration of J. Stephen Simms and the supporting Memorandum of Law confirms that PICC likely paid out on the hull insurance policy to the owners or directors of Lixon Maritime Services Pte Ltd., after an apparent investigation. Petitioners

understand that such payement was transmitted by HSBC to Lixon or its directors. A central issue in the Singapore Action is the control of the individual Lixon directors over the Vessel and their due diligence to properly crew and maintain the Vessel. Petitioners seek narrowly tailored discovery as to PICC and HBSC, reasonably calculated to lead to the discovery of admissible evidence concerning the actions of the Lixon directors concerning the Vessel and Lixon's, and its Directors', role in the causation of the loss of the Vesel. The discovery requested in this 28 U.S.C. § 1782 Petition is necessary information as to the exercise of control over the Vessel and its management, the amount of loss associated with the Vessel and to determination of PICC's investigation of the loss and payment of the claim for loss. This discovery is also requested in connection with Petitioners' consideration of whether to amend the Singapore Action to state an action, in addition, for the negligence and potential fraudulent conveyance by the Lixon principals/directors on fraudulent conveyance concerning the insurance payments from the loss of the Vessel.

6.  Accordingly, for the foregoing reasons, and for the reasons set forth in the accompanying Declaration of J. Stephen Simms, and the Memorandum of Law in support of this application, Petitioners respectfully request that this Court enter an order, pursuant to 28 U.S.C. § 1782, in a form similar to the proposed order attached as Exhibit 2 to the Declaration of J. Stephen Simms, granting leave to conduct the requested discovery in a form similar to the proposed subpoena attached as Exhibit 3 to the Declaration of J. Stephen Simms.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law and Declaration of J. Stephen Simms, Petitioners respectfully requests that this Court grant this Petition for an Order to Obtain Discovery for Use in a Foreign Proceeding.

Dated:  August 20, 2015

    /s/   *J. Stephen Simms*
J. Stephen Simms
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Phone:      410-783-5795
Facsimile:  410-783-5795
jssimms@simmsshowers.com

Attorneys for Petitioners