IN THE HIGH COURT OF THE REPUBLIC OF SINGAPORE

ADM. NO. 67 )
OF 2014 )

ADMIRALTY ACTION IN PERSONAM

> Amended as deleted/underlined in black pursuant to Order 20 Rule 3
>
> *[signature]*
>
> SOLICITORS FOR THE DEFENDANTS

Between

1. **PVS International**
   (Singapore UEN No. 199201934Z)
   Cargo Owners

2. **United Agencies**
   (United Arab Emirates Registration No. 537)
   Cargo Owners

3. **Maghanmal Jethanand (General Trading Company)**
   (United Arab Emirates Registration No. 4050)
   Cargo Owners

                                                            … Plaintiffs

And

**Lixon Maritime Pte Ltd**
(Formerly Known as Lixon Maritime Services Pte Ltd)
(Singapore UEN No. 201005345N)
Vessel owners and/or demise charterers

                                                            …Defendants

<u>STATEMENT OF CLAIM (AMENDMENT NO.1)</u>

<u>The cases of the First and Second Plaintiffs</u>



1. The First Plaintiffs are a company incorporated and existing under the laws of Singapore, having their registered address at 133 Cecil Street #16-02A Keck Seng Tower Singapore 069535. The Second Plaintiffs are a company incorporated and existing under the laws of Dubai, UAE, having their registered address at P.O. Box 2212 Dubai, United Arab Emirates.

2. The Defendants are a company incorporated and existing under the laws of Singapore, having their registered address at 20 Kramat Lane, #02-05 United House, Singapore 228773. Their activities are listed in the ACRA register as "Shipping Agencies (freight)" and "General wholesale trade (including general importers and exporters)." The Defendants were at all material times the owners and/or demise charterers of the vessel, the "*Fu Sheng Hai*".

3. By the bills of lading of dates and numbers as set out below, issued at Lianyunggang, People's Republic of China, and signed by their agents on their behalf, the Defendants acknowledge receipt on board their vessel "*Fu Sheng Hai*" cargo in good order and condition in crates and pallets, for carriage to and delivery at Dammam, Saudi Arabia, and Jebel Ali in the United Arab Emirates. The description of the cargo is also stipulated below, although the cargo is hereinafter described referred to as "the Wood Products cargo":-

   a. ~~B/l No. FH734LJEA005A dated 28th June 2013, carrying 266 crates of 913 Film face Plywood- China Marineplex-imprint in gold on both sides [...]~~

   b. ~~B/l No. FH734LJEA008 dated 30th June 2013, carrying 320 crates of 11,198 sheets of film face plywood (FFP)- China Marineplex-imprint in gold on both sides [...]~~

   c. ~~B/l No. FH734LJEA006 dated 29th June 2013, carrying 480 crates of 16,798 sheets of film face plywood (FFP)- China Marineplex-imprint in gold on both sides [...]~~

d. ~~B/l No. FH734LJEA005B dated 28th June 2013, carrying 81 crates of 2,835 sheets of film face plywood (FFP) China Marineplex imprint in gold on both sides~~ […]

e. ~~B/l No. FH734LJEA004 dated 30th June 2013, carrying 336 crates of 16,796 sheets of film face plywood (FFP) China Marineplex imprint in gold on both sides~~ […]

f. ~~B/l No. FH734LJEA001A dated 29th June 2013, carrying 28 crates of 1,400 sheets of film face plywood (FFP) China Marineplex imprint in gold on both sides~~ […]

g. ~~B/l No. FH734LDMN002 dated 29th June 2013, carrying 107 crates of 3745 sheets of film face plywood (FFP) China Marineplex imprint in gold on both sides~~ […]

h. ~~B/l No. FH734LDMN006 dated 29th June 2013, carrying 100 Pallets of 100 Crates of 20000 sheets paper overlay MDF China A Grade-1 Face~~ […]

i. ~~B/l No. FH734LDMN003 dated 29th June 2013, carrying 133 crates of Marineplex film face Plywood Combi Core WBP Glue Brown Film JPIC Standard 13 Plies Size: 610mm x 2440mm x 18mm~~ […]

j. ~~B/l No. FH734 LJEA001 dated 29th June 2013, carrying 112 crates of Marineplex film face Plywood Combi Core WBP Glue Brown Film JPIC Standard 9 Plies Size: 1220mm x 2440mm x 12mm~~ […]

k. ~~B/l No. FH734 LJEA002 dated 29th June 2013, carrying 224 crates of Marineplex film face Plywood Combi Core WBP Glue Brown Film JPIC Standard 9 Plies Size: 1220mm x 2440mm x 12mm~~ […]

l. ~~B/l No. FH734 LJEA006 dated 29th June 2013, carrying 480 crates of Marineplex film face Plywood Combi Core WBP Glue Brown Film JPIC Standard 13 Plies Size: 1220mm x 2440mm x 18mm~~ […]

    m.  ~~B/l No. FH734-LDMN004 dated 29th June 2013, carrying 50 pallets of Paper Overlay MDF Black A Grade IF: 1220mm x 2440mm x 2.5mm shipment by break bulk [...]~~

| S/N | B/Ls No. | Date | Description in the B/Ls | Carrier |
|---|---|---|---|---|
| 1 | FH734LJEA002 | 29/09/2013 | 244 CRATES MARINEPLEX FILM FACE PLYWOOD COMBI CORE WBP GLUE BROWN FILM JPIC STANDARD 9 PILES 1220MM X 2440MM X 12MM | LIXON MARITIME PTE LTD |
| 2 | FH734LJEA001 | 29/09/2013 | 112 CRATES MARINEPLEX FILM FACE PLYWOOD COMBI CORE WBP GLUE BROWN FILM JPIC STANDARD 9 PILES 1220MM X 2440MM X 12MM | LIXON MARITIME PTE LTD |
| 3 | FH734LJEA005 | 28/06/2013 | 427 CRATES MARINEPLEX FILM FACE PLYWOOD COMBI CORE WBP GLUE BROWN FILM JPIC STANDARD 13 PILES 1220MM X 2440MM X 18MM | LIXON MARITIME PTE LTD |
| 4 | FH734LJEA004 | 30/06/2013 | 336 CRATES MARINEPLEX FILM FACE PLYWOOD COMBI CORE WBP GLUE BROWN FILM JPIC STANDARD 9 PILES 1220MM X 2440MM X 12MM | LIXON MARITIME PTE LTD |
| 5 | FH734LJEA003 | 28/06/2013 | 268 CRATES MARINEPLEX FILM FACE PLYWOOD COMBI CORE WBP GLUE BROWN FILM JPIC STANDARD 13 PILES | LIXON MARITIME PTE LTD |

| S/N | B/Ls No. | Date | Description in the B/Ls | Carrier |
|---|---|---|---|---|
| | | | 1220MM X 2440MM X 18MM | |
| 6 | FH734LJEA008 | 30/06/2013 | 320 CRATES MARINEPLEX FILM FACE PLYWOOD COMBI CORE WBP GLUE BROWN FILM JPIC STANDARD 13 PILES 1220MM X 2440MM X 18MM | LIXON MARITIME PTE LTD |
| 7 | FH734LJEA006 | 29/06/2013 | 480 CRATES MARINEPLEX FILM FACE PLYWOOD COMBI CORE WBP GLUE BROWN FILM JPIC STANDARD 13 PILES 1220MM X 2440MM X 18MM | LIXON MARITIME PTE LTD |
| 8 | FH734LDMN002 | 29/06/2013 | 107 CRATES MARINEPLEX FILM FACE PLYWOOD COMBI CORE WBP GLUE BROWN FILM JPIC STANDARD 13 PILES 1220MM X 2440MM X 18MM | LIXON MARITIME PTE LTD |
| 9 | FH734LDMN006 | 29/06/2013 | 100 PALLETS PAPER OVERLAY MDF WARM WHITE A GRADE 1F 1200MM X 2400MM X 2.5MM | LIXON MARITIME PTE LTD |
| 10 | FH734LDMN003 | 29/06/2013 | 133 CRATES MARINEPLEX FILM FACE PLYWOOD COMBI CORE WBP GLUE BROWN FILM JPIC STANDARD 13 PILES 610MM X 2440MM X 18MM | LIXON MARITIME PTE LTD |
| 11 | FH734LDMN004 | 29/06/2013 | 50 PALLETS PAPER OVERLAY MDF BLACK A GRADE 1F | LIXON MARITIME PTE LTD |

| S/N | B/Ls No. | Date | Description in the B/Ls | Carrier |
|---|---|---|---|---|
| 12 | FH734LDMN005 | 29/06/2013 | 133 CRATES MARINEPLEX FILM FACE PLYWOOD COMBI CORE WBP GLUE BROWN FILM JPIC STANDARD 13 PILES<br><br>1220MM X 2440MM X 18MM | LIXON MARITIME PTE LTD |
| 13 | FH734LDMN001 | 29/06/2013 | 133 CRATES MARINEPLEX FILM FACE PLYWOOD COMBI CORE WBP GLUE BROWN FILM JPIC STANDARD 13 PILES<br><br>18MM X 1200MM X 2440MM | LIXON MARITIME PTE LTD |

4. The First and Second Plaintiffs were at all material times the owners of the Wood Products cargo and/or the indorsees of the bill of lading to whom property in the Wood Products cargo passed upon or by reason of the indorsement.

5. In the premises, the Defendants were under a duty as bailees and/or as carriers for reward and/or under the contract of carriage contained in or evidenced by the bills of lading as set out in ~~paragraph [3(a)-(m)]~~ the table in paragraph [3] above to take reasonable care of the Wood Products cargo and to deliver the same at Dammam and/or Jebel Ali in the same good order and condition as they were in on shipment.

6. Further or alternatively, the contract of carriage contained in or evidenced by the bills of lading as set out in ~~paragraph [3(a)-(m)]~~ the table in paragraph [3] above were subject to and incorporated the Hague-Visby Rules to which the First and Second Plaintiffs will refer as may be necessary.

7. The Wood Products cargo was stowed in the no. 1, 2, 3, 5, 7 and 8 holds of the *Fu Sheng Hai* ("the Vessel"). The Vessel sailed from Lianyungang on 29th June 2013 for Busan, Korea. On or about 2nd July 2013, whilst approaching the port of Busan on 2nd

July 2013, the Vessel ran aground off Shaeng Island, about 10 miles away from the port of Busan, Korea. By reason of the aforesaid, the Vessel sustained damage.

8. The Vessel required salvage assistance, and accordingly Nippon Salvage Co. Ltd were appointed by the Defendants as salvors. The Vessel broke into two pieces during salvage operations. The stern section, comprising the Vessel's bridge and no. 5-8 holds was barely grounded, but the bow section comprising no. 1-4 holds was cut off and sunk, together with the Wood Products cargo stowed therein, under the sea. It was also found that the three holds in the stern section, holds no. 5, 7 and 8 were filled with seawater, with the Wood Products cargo within these three holds suffering wet-damage and/or deformity caused by the ingress of seawater.

9. In breach of contract and/or duty and/or in breach of their duty under Art III, rule 2 of the Hague-Visby Rules, the Defendants failed to deliver the Wood Products cargo in holds no. 5, 7 and 8 at Dammam and/or Jebel Ali in the same good order and condition in which it was in on shipment, but delivered it badly damaged by seawater and/or the defendants failed properly and/or carefully carry and/or keep and/or care for and/or discharge the Wood Products cargo.

10. Further, in breach of contract and/or duty and/or in breach of their duty under Art III, rule 2 of the Hague-Visby Rules, the Defendants failed to deliver the Wood Products cargo in holds no. 1-4.

11. Further or alternatively, in breach of their duty under Art III, rule 1 of the Hague-Visby Rules, the Defendants failed to exercise due diligence to make the ship seaworthy and to properly man, equip and supply the Vessel.

PARTICULARS

a. The Vessel ran aground, subsequently sank, and the Wood Products cargo was damaged and/or deformed;
b. No explanation for the Vessel's grounding and subsequent sinking was advanced by the Defendants; and
c. The Vessel ran aground very shortly after leaving Lianyungang, became unable to prosecute her voyage, and in fact broke into two, giving rise to the inference that

      the Vessel had suffered from being inherently unseaworthy before the beginning of the voyage.

12. By reason of the Defendants' breach of contract and/or duty and/or of the unseaworthiness of the Vessel as set out above, the Vessel grounded and the Wood Products cargo sustained damage as set out in paragraphs [9]-[11] above. In the premises, the First and Second Plaintiffs have suffered loss and damage and have been put to expense.

PARTICULARS

a. ~~The Wood Products cargo sustained wet damage and/or were deformed by sea water.~~
b. ~~The damage to the Wood Products cargo was such that no commercial value was realisable;~~
c. ~~The loss of commercial value has been assessed at US$1,996,634.61 by surveyors.~~

The Case of the Third Plaintiffs

13. The Third Plaintiffs are a company incorporated and existing under the laws of Dubai, UAE, having their registered address at PO Box 2636 Dubai United Arab Emirates.

14. Paragraph [2] above is repeated.

15. By the bills of lading of dates and numbers as set out below, issued at Qinhuangdao, People's Republic of China, and signed by the agents on their behalf, the Defendants acknowledge receipt on board their vessel "*Fu Sheng Hai*" cargo in good order and condition in bundles for carriage to and delivery at Jebel Ali in the United Arab Emirates. The description of the cargo is also stipulated below, although the cargo may be described as "Steel Products":-

a. ~~Bill of Lading dated 22nd June 2013, carrying 124 Bundles of IPEAA Beams [...]~~

    b. ~~Bill of Lading dated 22nd June 2013, carrying 457 Bundles of MS Equal Angles and MS Channels […]~~

    c. ~~Bill of Lading dated 21st June, carrying 155 Bundles MS Channels, IPEAA Beams […]~~

| S/N | B/Ls No. | Date | Description in the B/Ls | Carrier |
|---|---|---|---|---|
| 1 | 20 | 22/06/2013 | 124 BUNDLES IPEAA BEAMS<br><br>THIS DOCUMENTARY CREDIT NUMBER:DC DUB315634<br><br>HS CODE: 72.16 | LIXON MARITIME PTE LTD |
| 2 | 16 | 21/06/2013 | 155 BUNDLES MS CHANNELS, IPEAA BEAMS<br><br>L/C NUMBER AND DATE: 123010236034-DS AND 130404 | LIXON MARITIME PTE LTD |
| 3 | 15/21 | 22/06/2013 | 457 BUNDLES MS EQUAL ANGLES AND MS CHANNELS<br><br>L/C NUMBER AND DATE: 123010246602-DS AND 130527 | LIXON MARITIME PTE LTD |

16.    The Third Plaintiffs were at all material times the owners of the Steel Products cargo and/or the indorsees of the bills of lading to whom property in the Steel Products cargo passed upon or by reason of the indorsement.

17.    In the premises, the Defendants were under a duty as bailees and/or as carriers for reward and/or under the contract of carriage contained in or evidenced by the bills of lading as set out in ~~paragraph [15(a)-(c)]~~ the table in paragraph [15] above to take reasonable care of the goods and to deliver the same at Jebel Ali in the same good order and condition as they were in on shipment.

18. Further or alternatively, the contract of carriage contained in or evidenced by the bills of lading as set out in ~~paragraph [15(a)-(c)]~~ the table in paragraph [15]above were subject to and incorporated the Hague-Visby Rules to which the Third Plaintiffs will refer as may be necessary.

19. The Steel Products cargo was stowed in the no. 3 and 6 holds of the *Fu Sheng Hai* ("the Vessel"). The Vessel sailed from Lianyungang on 29th June 2013 for Busan, Korea. On or about 2nd July 2013, whilst approaching the port of Busan on 2nd July 2013, the Vessel ran aground off Shaeng Island, about 10 miles away from the port of Busan, Korea. By reason of the aforesaid, the Vessel sustained damage.

20. The Vessel required salvage assistance, and accordingly Nippon Salvage Co. Ltd were appointed by the Defendants as salvors. The Vessel broke into two pieces during salvage operations. The stern section, comprising the Vessel's bridge and no. 5-8 holds was barely grounded, but the bow section comprising no. 1-4 holds was cut off and sunk, together with the cargoes stowed therein, under the sea. It was also found that the three holds in the stern section, holds no. 5, 7 and 8 were filled with seawater, with the steel goods within these two holds suffering wet-damage and/or deformity and/or rust damage caused by the ingress of seawater.

21. In breach of contract and/or duty and/or in breach of their duty under Art III, rule 2 of the Hague-Visby Rules, the Defendants failed to deliver the Steel Products cargo in hold no. 6 Jebel Ali in the same good order and condition in which it was in on shipment, but delivered it badly damaged by seawater and/or the defendants failed properly and/or carefully carry and/or keep and/or care for and/or discharge the Steel Products cargo.

22. Further, in breach of contract and/or duty and/or in breach of their duty under Art III, rule 2 of the Hague-Visby Rules, the Defendants failed to deliver the Steel Products cargo in hold no. 3.

23. Further or alternatively, in breach of their duty under Art III, rule 1 of the Hague-Visby Rules, the Defendants failed to exercise due diligence to make the ship seaworthy and to properly man, equip and supply the Vessel.

### PARTICULARS

a. The Vessel ran aground, subsequently sank, and the Steel Products cargo was damaged and/or deformed and/or rusted;

b. No explanation for the Vessel's grounding and subsequent sinking was advanced by the Defendants; and

c. The Vessel ran aground very shortly after leaving Lianyungang, became unable to prosecute her voyage, and in fact broke into two, giving rise to the inference that the Vessel had suffered from being inherently unseaworthy before the beginning of the voyage.

24. By reason of the Defendants' breach of contract and/or duty and/or of the unseaworthiness of the Vessel as set out above, the Vessel grounded and the Steel Products cargo sustained damage as set out in paragraphs [21] –[23] above. In the premises, the First and Second Plaintiffs have suffered loss and damage and have been put to expense.

### ~~PARTICULARS~~

a. ~~The Steel Products cargo sustained wet damage and/or were deformed by sea water and/or was rusted.~~

b. ~~The damage to the Steel Products cargo was such that the only realisable commercial value of the Steel Products cargo was as scrap and/or that no commercial value was realisable;~~

c. ~~The loss of commercial value has been assessed at US$1,012,123.57 by surveyors.~~

25. AND the First, Second and Third Plaintiffs Claim:-
   a. Damages to be assessed;
   b. Interest;
   c. Costs; and
   d. Any such further or other relief as the court deems fit.

Dated this 6th Day of June 2014
Re-dated this 23rd Day of June 2014

_____

Solicitors for the Plaintiffs

ASIA ASCENT LAW CORPORATIION